Date signed January 24, 2008



THOMAS J. CATLIOTA
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## at GREENBELT

| | | |
|---|---|---|
| In re: | * | |
|     Chanmoni Chim, | * | Case No.  07-19230-TJC |
| | * | |
|         Debtor | * | (Chapter 7) |
| | * | |
| | * | |
| *    *    *    *    *    *    * | *    *    *    *    * | |

## MEMORANDUM OPINION

Before the Court is a motion by Chanmoni Chim (the "Debtor") to approve a

Reaffirmation Agreement (the "Reaffirmation Agreement") with American Honda

Finance Corporation (the "Lender").  There is no dispute that the Reaffirmation

Agreement raises a rebuttable presumption of undue hardship pursuant to Section

524(m)[1]  because the Debtor's monthly income is considerably less than her monthly

expenses.  The Court held a hearing on December 12, 2007, to allow the Debtor to rebut

the presumption of undue hardship.  For the reasons set forth herein, the Court finds and

---

[1] Unless stated otherwise, all code citations herein are to the United States Bankruptcy Code, 11 U.S.C.§101, et seq., as currently in effect.

1

concludes that the Debtor did not rebut the presumption of undue hardship. Consequently, the Reaffirmation Agreement will not be approved.

Further, at the hearing, it became clear that one of the Debtor's primary reasons for entering into the Reaffirmation Agreement is her concern that, if the Court disapproved the Reaffirmation Agreement, the Lender could exercise the creditor-relief provisions of Sections 362(h), 521(a)(6) and 521(d) by, among other things, declaring a default under the ipso facto[2] provision of her loan contract and repossessing the vehicle notwithstanding the fact that she remains current on the loan. The Court finds and concludes that the Debtor has complied with the requirements of Section 521(a)(2) by timely stating her intention to reaffirm the loan and by timely entering into the Reaffirmation Agreement with the Lender. Therefore, the provisions of Sections 362(h), 521(a)(6) and 521(d) do not apply, and the automatic stay remains in place with respect to the vehicle, the vehicle remains property of the estate, the Debtor is not obligated to turn over possession of the vehicle, and the Lender may not exercise remedies as a result of default under the ipso facto provision under the loan agreement. Stated otherwise, where a debtor timely complies with Section 521(a)(2), the mere fact that the Court does not approve the reaffirmation agreement does not trigger the creditor relief provisions of Sections 362(h), 521(a)(6) or 521(d). Accordingly, the Debtor's concern that the Lender may invoke the creditor-relief provisions of Sections 362(h), 521(a)(6) or 521(d) if the Court disapproves the Reaffirmation Agreement is not warranted, and is not sufficient to overcome the presumption of undue hardship.

---

[2] An ipso facto provision is "a contract clause that specifies the consequences of a party's bankruptcy." BLACK'S LAW DICTIONARY 847 (8th ed. 2004). See also In re Margulis, 323 B.R. 130, 135 (Bankr. S.D. N.Y. 2005) (Ipso facto clauses "automatically terminate the contract or lease, or permit the other contracting party to terminate the contracts or lease, in the event of bankruptcy.")

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a), and Local Rule 402 of the United States District Court for the District of Maryland.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (D) and (N).

### FINDINGS OF FACT

The Debtor filed her Chapter 7 bankruptcy petition on September 24, 2007.  On that date, she also filed a Chapter 7 Debtor's statement of intention.  Docket No. 5.  The statement of intention provides that the Debtor will reaffirm, pursuant to Section 524(c), the secured obligation on her 2007 Honda CRV.  Docket No. 5 at 1.

On or about October 18, 2007, the Debtor executed the Reaffirmation Agreement with the Lender.  In it, the Debtor sought to reaffirm her secured obligation on the 2007 Honda CRV.  The obligation is to be paid over 71 months in the amount of $533.87 per month.  In Part D of the Reaffirmation Agreement, the Debtor states that her monthly income is $2,609 and her monthly expenses are $2,839, leaving negative $230 to satisfy the monthly payment on the Reaffirmation Agreement.[3]  Part D also contained the Debtor's statement of explanation for how she will overcome the presumption of undue hardship that arises from her negative net monthly income.  The Debtor wrote that "I have talked to my brother to help me reduce my expenses who I live with and be [sic] absorbing some of my expenses, which will allow me to pay this car loan."  Reaffirmation Agreement at p. 8.

The meeting of creditors held pursuant to Section 341 took place on November 7, 2007.  Docket No. 8.  On November 14, 2007, the Debtor filed the Reaffirmation Agreement.  Docket No. 21.  The Court scheduled a hearing on the Reaffirmation

---

[3] These amounts match the disclosures made by the Debtor in her Schedules I and J filed with the petition. See Item 20, Docket No. 1 at page 33 of 34.

3

Agreement because it raised a presumption of undue hardship that was not overcome to the satisfaction of the Court by the Debtor's statement in Part D.

The Debtor and her counsel appeared at the hearing. Counsel proffered that the Debtor anticipated receiving assistance from her younger brother to help her meet her obligations. The brother did not appear. Counsel also proffered that the Debtor is current on the loan. Counsel stated that he was concerned that if the Court rejected the Reaffirmation Agreement, the Lender could seek to exercise the <u>ipso</u> <u>facto</u> provision of the loan agreement, declare a default, and repossess the car notwithstanding that she is current on the loan.

Finally, notwithstanding that the Court rejects the Reaffirmation Agreement herein, the Court finds that the Debtor has acted in good faith in filing the statement of intention and entering into the Reaffirmation Agreement.

## CONCLUSIONS OF LAW

Section 524(c) permits a debtor to reaffirm a debt that would otherwise be dischargeable in whole or in part in the debtor's bankruptcy case.[4] A reaffirmation

---

[4] 11 U.S.C. § 524(c) provides:

   (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if--
     (1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;
     (2) the debtor received the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement;
     (3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that--
       (A) such agreement represents a fully informed and voluntary agreement by the debtor;
       (B) such agreement does not impose an undue hardship on the debtor or a dependent of the debtor; and

agreement made under Section 524(c) shall be presumed an undue hardship on a debtor if the debtor's monthly income minus the debtor's monthly expenses is less than the scheduled payments on the reaffirmed debt.  11 U.S.C. § 524(m).[5]  A debtor may rebut this presumption in writing if the statement includes an explanation that identifies additional sources of funds to make the necessary payments under the agreement.  Id.

---

    (C) the attorney fully advised the debtor of the legal effect and consequences of-
        (i) an agreement of the kind specified in this subsection; and
        (ii) any default under such an agreement;
  (4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;
  (5) the provisions of subsection (d) of this section have been complied with; and
 (6) (A) in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as--
        (i) not imposing an undue hardship on the debtor or a dependent of the debtor; and
        (ii) in the best interest of the debtor.
    (B) Subparagraph (A) shall not apply to the extent that such debt is a consumer debt secured by real property.


[5] 11 U.S.C. § 524(m) provides:

    (m) (1) Until 60 days after an agreement of the kind specified in subsection (c) is filed with the court (or such additional period as the court, after notice and a hearing and for cause, orders before the expiration of such period), it shall be presumed that such agreement is an undue hardship on the debtor if the debtor's monthly income less the debtor's monthly expenses as shown on the debtor's completed and signed statement in support of such agreement required under subsection (k)(6)(A) is less than the scheduled payments on the reaffirmed debt. This presumption shall be reviewed by the court. The presumption may be rebutted in writing by the debtor if the statement includes an explanation that identifies additional sources of funds to make the payments as agreed upon under the terms of such agreement. If the presumption is not rebutted to the satisfaction of the court, the court may disapprove such agreement. No agreement shall be disapproved without notice and a hearing to the debtor and creditor, and such hearing shall be concluded before the entry of the debtor's discharge.
    (2) This subsection does not apply to reaffirmation agreements where the creditor is a credit union, as defined in section 19(b)(1)(A)(iv) of the Federal Reserve Act.

The court may disapprove such agreement if the presumption is not rebutted to the satisfaction of the court, but only after notice and a hearing.  Id.

In this case, the Debtor concedes that reaffirming the debt will impose an undue hardship under Section 524(m).  The Debtor contends, however, that her younger brother will provide financial assistance to help her meet her obligations.  No evidence was presented of the brother's financial condition, nor was he in court to testify on the scope of his commitment to provide such aid.  Accordingly, the Court finds and concludes that the Debtor did not rebut the presumption of undue hardship to the satisfaction of the Court.

The Debtor, however, presses that the automatic stay of Section 362(a) may terminate and the creditor will be free to repossess the vehicle if the Reaffirmation Agreement is not approved.  The Debtor proffered that although she is current on the payments on the loan, the loan agreement contains an ipso facto provision which automatically places the Debtor in default under the agreement upon her filing of a bankruptcy proceeding.  Thus, the Debtor argues that the fact that the creditor may be able to repossess the vehicle if the Court does not approve the Reaffirmation Agreement is sufficient to overcome the undue hardship implicated under Section 524(m).

The Debtor's concerns stem from certain creditor relief provisions added to Sections 362 and 521 of title 11 by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").  Pub. L. No. 109-8, 119 Stat. 23 (2005).  As described below, these provisions, when applicable, result in the termination of the automatic stay of Section 362 with respect to certain collateral, require a debtor to deliver the collateral to the secured lender, dictate that such collateral is no longer property of the

6

bankruptcy estate, and provide that <u>ipso</u> <u>facto</u> default provisions in loan contracts are enforceable.  When applicable, these relief provisions apply whether or not a debtor is in default under the loan agreement for reasons other than the <u>ipso</u> <u>facto</u> provision.

Section 521(a)(2)(A) requires an individual Chapter 7 debtor who has secured debts to file, within 30 days after the filing of the petition or on or before the date of the meeting of creditors, whichever is earlier, a statement of whether he or she intends to retain or surrender the collateral and, if applicable, specifying that the debtor intends to redeem such collateral or reaffirm the debt secured by such collateral.[6]  In addition, Section 521(A)(2)(B) requires a debtor to perform that intention within 30 days after the first date set for the meeting of creditors under section 341(a).

As applied to this case, these provisions required the Debtor to (1) file a statement of her intention within the earlier of October 24, 2007 (30 days of the petition date) or November 7, 2007, (the date of the meeting of creditors); and (2) enter into the Reaffirmation Agreement before December 6, 2007 (within 30 days after the first date set for the meeting of creditors).  The Court finds and concludes that the Debtor met both of

---

[6] 11 U.S.C. § 521(a)(2) provides:

> (a)(2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate--
>     (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;
>     (B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph.
>     (C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h);

these deadlines by filing her statement of intention on September 24, 2007, and signing the Reaffirmation Agreement on October 18, 2007.

Notwithstanding the Debtor's compliance with these provisions, the Debtor contends that the Lender may still seek to take action under the creditor relief provisions described herein if the Court declines to approve the reaffirmation agreement.[7] The Debtor's concern is grounded in the distinction between the Debtor entering into the Reaffirmation Agreement, on the one hand, and the Court rejecting the agreement, on the other.  The concern arises from the broad relief given to secured creditors under BAPCPA if the applicable requirements of Section 521 are not met.  That relief is contained in Sections 362(h), 521(a)(6), and 521(d).

Section 362(h) provides that the automatic stay of Section 362(a) terminates with respect to personal property securing a claim if an individual Chapter 7 debtor fails to timely file the statement of intention pursuant to Section 521(a)(2) and then timely perform the intention made in the statement.[8]

---

[7]        The Court notes that this concern has been expressed on a number of occasions by other debtors during other reaffirmation hearings.

[8] 11 U.S.C. § 362(h)(1) provides:

> (h) (1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)----
>
>   (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c)  applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and
>
>   (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

Section 521(a)(6) mandates that an individual Chapter 7 debtor must surrender certain collateral to the lender if he or she does not enter into the Reaffirmation Agreement within 45 days after the first meeting of creditors.[9]  Moreover, that section further provides that, if the debtor fails to act within the 45 day period, the automatic stay under section 362(a) is terminated with respect to the collateral, the collateral is no longer property of the estate, and the creditor may take whatever action is permitted against the collateral under applicable non-bankruptcy law.  Id. at n.9.[10]

Finally, Section 521(d) makes an ipso facto clause in an agreement with a creditor holding a security interest in certain collateral operative if a debtor fails to take the actions enumerated in Sections 521(a)(6) and 362(h)(1).[11]

---

[9] 11 U.S.C. § 521(a)(6) provides:

 (a) a debtor shall--
     ***
     (6) in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341(a), either--
      (A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or
      (B) redeems such property from the security interest pursuant to section 722. If the debtor fails to so act within the 45-day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property of the estate or of the debtor which is affected, such property shall no longer be property of the estate, and the creditor may take whatever action as to such property as is permitted by applicable non-bankruptcy law, unless the court determines on the motion of the trustee filed before the expiration of such 45-day period, and after notice and a hearing, that such property is of consequential value or benefit to the estate, orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee;

[10] For purposes of this opinion, the Court assumes the Lender holds "an allowed claim for the purchase price secured in whole or in part by an interest in such personal property…"  11 U.S.C. § 521(a)(6).

[11] 11 U.S.C. § 521(d) provides:

     (d)  If the debtor fails timely to take the action specified in subsection (a)(6) of this section, or in paragraphs (1) and (2) of section 362(h), with respect to property which a lessor or bailor owns and has leased, rented, or bailed to the

Working in concert, these provisions provide that, where an individual debtor fails to timely file a statement of intention to reaffirm an applicable secured debt or to timely perform such intention by entering into a reaffirmation agreement, then: (1) the automatic stay of Section 362(a) is terminated with respect to the collateral; (2) the collateral ceases to be property of the estate; (3) the debtor is obligated to turn over possession of the collateral; and (4) the lender may exercise remedies as a result of default under the ipso facto clause under the loan agreement.  What does not follow from these provisions, however, is the conclusion that these relief provisions of Sections 362(h), 521(a)(6) and 521(d) apply where the debtor timely enters into a reaffirmation agreement under Section 521(a)(2), but the Court declines to approve the agreement under the guidelines set forth in Section 524.

Section 362(h)(1) only requires an individual debtor to perform his or her duty under Section 521(a)(2) by timely filing a statement of intent to reaffirm a secured debt and to timely perform that intention by entering into a reaffirmation agreement under Section 524(c).  It does not require that the Court approve such agreement.  Thus, a debtor who has timely filed a statement of intent to reaffirm a secured debt and timely entered into a reaffirmation agreement and filed it with the court has fully performed the obligations under Section 362(h) whether or not the Court approves the reaffirmation agreement.

---

debtor or as to which a creditor holds a security interest not otherwise voidable under section 522(f), 544, 545, 547, 548, or 549, nothing in this title shall prevent or limit the operation of a provision in the underlying lease or agreement that has the effect of placing the debtor in default under such lease or agreement by reason of the occurrence, pendency, or existence of a proceeding under this title or the insolvency of the debtor. Nothing in this subsection shall be deemed to justify limiting such a provision in any other circumstance.

In the same vein, Section 521(a)(6)(A) only requires that the debtor "enter into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property." Id. at n. 9.  Like Section 362(h)(1), it does not require that the Court approve the reaffirmation agreement.  Consequently, a debtor who has timely entered into a reaffirmation agreement which the Court declines to approve, has nevertheless performed his or her duty under section 521(a)(6).

Similarly, Section 521(d) makes an ipso facto clause in an agreement with a creditor holding a security interest in certain collateral operative "if the debtor fails timely to take the actions" enumerated in Sections 521(a)(6) and 362(h)(1). The provision does not make the applicability of the ipso facto clause dependent on Court approval of the agreement.

The Court finds and concludes that the Debtor fully complied with the deadlines of Sections 521(a)(2), 521(a)(6) and 362(h) by filing timely the statement of intention and by signing timely the Reaffirmation Agreement.  Because the Court finds and concludes that the Debtor fully complied with all of the pertinent requirements of Sections 362(h) and 521 of the Bankruptcy Code, the automatic stay remains in place with respect to the vehicle, the vehicle remains property of the estate, the debtor is not obligated to turn over possession of the vehicle, and the lender may not exercise remedies as a result of default under the ipso facto clause under the loan agreement.  This holding is in accord with several other bankruptcy courts that have addressed this issue.  See e.g., In re Husain, 364 B.R. 211 (Bankr. E.D. Va. 2007); In re Stevens, 365 B.R. 610 (Bankr. E.D. Va. 2007); In re Moustafi, 371 B.R. 434 (Bankr. D. Ariz. 2007).

The foregoing rationale applies where a debtor has timely complied with Section 521(a)(2), but the Court declines to approve the reaffirmation agreement. A remaining issue is the scope of the right of the Lender to exercise remedies against the vehicle after the Debtor receives her discharge and the case is closed, but the Debtor remains current on the loan. Prior to the enactment of BAPCPA, the Court of Appeals for the Fourth Circuit held in Home Owners Funding Corp. v. Belanger (In re Belanger), 962 F.2d 345 (4th Cir. 1992) that an individual Chapter 7 debtor's actions with respect to a secured debt and its corresponding collateral were not confined to those options enumerated then in place 11 U.S.C. § 521(2).[12] Id. at 348. Specifically, the Court held that a debtor was not required to reaffirm a debt securing property, or redeem or surrender the same. Instead, the Court agreed with those courts that follow the ride-through approach, and held that a debtor who is current on the payments under the loan agreement may retain the property without reaffirming the debt which it secures. Id. In reaching this conclusion, the Court expressly rejected the holding in In re Bell, 700 F.2d 1053 (6th Cir.

---

[12] 11 U.S.C. § 521(2) (2004) provided:

> (2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—
>   (A) within thirty days after the date of the filing of a petition under chapter 7 of this title on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with the respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to reaffirm debts secured by such property;
>   (B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and
> (C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title

1983) which held that an ipso facto clause becomes effective when the trustee abandons the collateral. Id. at 1058. Following its own precedent, the Belanger Court held that "…a default-on-filing clause in an installment loan contract was unenforceable as a matter of law." Belanger, 962 F2d at 348 (citing Riggs Nat'l Bank v. Perry, 729 F2d 982, 984-85 (4th Cir. 1984)).

There is no reason to conclude that the rationale of Belanger should not apply with equal vigor to post-BAPCPA cases where a debtor complies with Section 521(a)(2) but the Court rejects the reaffirmation agreement. To be sure, the creditor relief provisions of Sections 362(h), 521(a)(6), and 521(d) may impact upon a debtor's option of having a credit agreement ride through the bankruptcy case in certain circumstances where the debtor fails to comply with Section 521(a)(2). However, where a court rejects a reaffirmation agreement that was timely entered into by a debtor, the debtor is left in the same position as a debtor who elected to have the loan contract ride through bankruptcy prior to the adoption of the creditor relief provisions in BAPCPA, and the rationale of Belanger continues to apply. Stated otherwise, where a debtor complies with the requirements of Section 521(a)(2), the debtor may retain possession of the collateral after the entry of the discharge and the closure of the case without fear that the lender will exercise an ipso facto provision and repossess the collateral, provided that the debtor is otherwise current under the agreement. See Husain, 364 B.R. at 219 ("Once the discharge is granted, the creditors may not repossess the vehicles without violating the discharge injunction unless there is a subsequent payment or insurance default." (citing In re Riggs, No. 06-60346, 2006 Bankr. LEXIS 2732, 2006 WL 2990218, at *3 (Bankr. W.D. Mo. Oct. 12, 2006))); Stevens, 365 B.R. at 612 ("National Auto Sales may continue

to accept payments from the Debtor, 11 U.S.C. § 524(l)(1), but it may not repossess the Vehicle without violating the automatic stay and the discharge injunction unless there is a subsequent payment or insurance default.").

Accordingly, the Debtor's concern that the Lender may invoke the creditor relief provisions of Section 362(h), 521(a)(6) and 521(d) if the Court disapproves the Reaffirmation Agreement is not warranted, and is not sufficient to overcome the presumption of undue hardship.

## CONCLUSION

For the forgoing reasons, the Court will decline to approve the Reaffirmation Agreement with the lender.  However, the Court finds and concludes that the Debtor has complied with the applicable requirements of Sections 521 and 362(h).  Accordingly, the creditor relief provisions of Sections 362(h), 521(a)(6) and 521(d) do not apply.

Copies To:

Debtor
Debtor's Attorney- Lawrence T. Robinson
Trustee- Roger Schlossberg
Office of the U.S. Trustee- Jeanne M. Crouse, Esq.

American Honda Finance Corporation
P.O. Box 168088
Irving, TX  75016-8088

END OF MEMORANDUM